■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STANLEY WIECZOREK, Appellant.— Judgment of conviction unanimously reversed on the law and facts and in the interests of justice and a new trial granted. Memorandum: The judgment of conviction depends in large part upon certain articles of personal property received in evidence, some of which were obtained from the defendant's home prior to arrest and some of which were taken from the defendant's wife's car after the arrest, all without a search warrant. It is claimed by the People that these exhibits were seized as incidents to a lawful arrest without a warrant of arrest. The record does not support this claim. Just when the defendant was arrested is uncertain, but it is definite that at least one of these articles was seized before the arrest and that the arrest was made as the result of the search and not prior thereto. This was a violation of defendant's constitutional rights (*People* v. *Moore*, 11 N Y 2d 271). As to the articles taken from defendant's wife's car, it is clear that they were seen by the officers during the unlawful search of defendant's home. Later, when the officers received knowledge that they may have been connected with one of the crimes charged, they were taken from the car. None of these articles was properly admitted in evidence (*People* v. *Rodriguez*, 11 N Y 2d 279). The elements of the crime of burglary, particularly the element of intent, were not well defined in the court's charge (*People* v. *Katz*, 290 N. Y. 361); and in relation to the People's claim of larceny the court, in effect, charged that if it was found that either the defendant-appellant or the codefendant entered the premises in question the jury would have to find the defendant guilty of larceny, leaving only the degree of larceny in doubt. There were other errors. Because of the effect of the sum total of all of this, the judgment should be reversed and a new trial granted in the interests of justice. It may be that the defendant will be advised to attack the search and seizure on preliminary proceedings under the newly enacted sections 813-c, 813-d, 813-e of the Code of Criminal Procedure. (Appeal from judgment of Niagara County Court convicting defendant of burglary, third degree, grand larceny, second degree and petit larceny.) Present — Williams, P. J., Bastow, Goldman and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL F. CREWELL, Appellant.— Judgment of conviction unanimously affirmed. (Appeal from judgment of Cayuga County Court, convicting defendant of grand larceny, second degree.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES L. MAULT, Appellant.— Order unanimously affirmed. (Appeal by defendant from order of Onondaga County Court denying a motion to vacate a 1950 judgment of conviction, without a hearing.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE EURE, Appellant.— Order unanimously affirmed. (Appeal from order of Onondaga County Court denying a motion to vacate a 1952 judgment of conviction, without a hearing.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LESLIE EURE, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Cayuga Special Term denying an application for a writ of habeas corpus.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL N. EASTMAN, Appellant.— Order unanimously affirmed. (Appeal from order of Monroe County Court denying a motion to vacate a judgment of conviction for